AO 91 (Rev. 11/11) Criminal Complaint

FILED

Aug 25 2026

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

# UNITED STATES DISTRICT COURT

for the

Northern District of California

United States of America
v.

DAVID CRAIG BOURLAND,

*Defendant(s)*

Case No. 1:26-mj-71133 MAG

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of May 19, 2026 in the county of Humboldt in the Northern District of California, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |
| 18 U.S.C. § 922(g)(9) | Prohibited Person in Possession of a Fiream |

This criminal complaint is based on these facts:

See Affidavit of HSI Special Agent Lucy Gentry

☑ Continued on the attached sheet.

/s/ Lucy Gentry
*Complainant's signature*

Lucy Gentry, Special Agent, HSI
*Printed name and title*

Approved as to form *Kevin J. Barry*
AUSA

Sworn to before me by telephone.

Date: 08/24/2026

*Judge's signature*

City and state: McKinleyville, CA

Hon. Robert M. Illman
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Lucy Gentry, a Special Agent with the Department of Homeland Security Investigations (HSI), being duly sworn, hereby declare as follows:

## INTRODUCTION

1. I make this affidavit in support of an application for a Criminal Complaint charging Defendant DAVID CRAIG BOURLAND with a violation of 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm, and 18 U.S.C. § 922(g)(9), being a prohibited person in possession of a firearm, and for a warrant for his arrest.

2. This affidavit is submitted for the limited purpose of securing a Criminal Complaint and an arrest warrant. I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts necessary to establish probable cause that violations of the federal laws identified above have occurred.

## AFFIANT BACKGROUND

3. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2510.

4. I am currently employed by the United States Department of Homeland Security, Homeland Security Investigations (HSI), as a Special Agent. I have been so employed since April 2024, and I am presently assigned to HSI Santa Rosa.

5. I am a graduate of the Federal Law Enforcement Training Center (FLETC) in Glynco, GA. While at FLETC, I completed the Criminal Investigator Training Program and Homeland Security Investigations Special Agent Training. These programs involved 24 weeks

of training on conducting criminal investigations, including international smuggling and firearms trafficking investigations. My training included investigating smugglers and smuggling organizations suspected of violating 18 U.S.C. § 545, Smuggling Goods into the United States and firearms violators suspected of violating 18 U.S.C. § 922(g), Prohibited Persons from Possessing Firearms.

6. During my tenure as an HSI Special Agent, I have participated in a variety of programmatic investigative areas, including international smuggling and firearms violations. I have become familiar with the methods used by firearms traffickers to import, transport, safeguard, and distribute firearms. I have also participated in many aspects of international smuggling investigations including, but not limited to, telephone toll analysis, records research, debriefs of confidential sources, and physical surveillance. Furthermore, I have assisted in the execution of search warrants related to illegal activities involving firearms that resulted in the arrest of suspects and seizure of illicit firearms.

7. Prior to my time as a Special Agent, I worked for the Defense Intelligence Agency as a Counterintelligence Agent, where I analyzed foreign intelligence entities. I obtained a Bachelor of Arts degree from Western Washington University in History with a minor in Political Science.

8. I have personally participated in the investigation discussed in this Affidavit and I am familiar with the facts and circumstances of the investigation. My role in this investigation, combined with my training and experience, information I have learned from other HSI agents and other law enforcement agencies, and my review of records and reports relating to the investigation form the basis for the opinions I set forth in this Affidavit. Unless otherwise noted, wherever in this Affidavit I assert that a statement was made, the information was provided by another HSI agent, law enforcement officer, or witness who may have had either direct or hearsay knowledge of that statement and with whom I or others have spoken, or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated.

## APPLICABLE STATUTES

9. Title 18, United States Code, Section 922(g)(1) makes it unlawful for certain prohibited persons, such as a person with a prior felony conviction, to possess a firearm or ammunition that has been shipped or transported in interstate or foreign commerce. The elements of the offense are that (1) the Defendant knowingly possessed a firearm; (2) the firearm had been shipped or transported from one state to another or between a foreign nation and the United States; (3) at the time the Defendant possessed the firearm, the Defendant had been convicted of a crime punishable by more than a year in prison; and (4) at the time the Defendant possessed the firearm, the Defendant knew he or she had been convicted of a crime punishable by more than a year in prison.

10. Title 18, United States Code, Section 922(g)(9) makes it unlawful for certain prohibited persons, such as a person who has been convicted of a misdemeanor crime of domestic violence, to possess any firearm or ammunition that has been shipped or transported in interstate or foreign commerce. The elements of the offense are that (1) the Defendant knowingly possessed a firearm; (2) the firearm had been shipped or transported from one state to another or between a foreign nation and the United States; (3) at the time the Defendant possessed the firearm, the Defendant had been convicted of a misdemeanor crime of domestic violence; and (4) at the time the Defendant possessed the firearm, the Defendant knew he or she had been convicted of a misdemeanor crime of domestic violence.

## STATEMENT OF PROBABLE CAUSE

11. On March 25, 2026, officers of U.S. Customs and Border Protection (CBP) discovered an international mail parcel originating from China during a warehouse sweep examination at a Korean Air Lines warehouse. The parcel was addressed to "David C BOURLAND," 249 2nd Ave, Rio Dell, CA 95562. The parcel was sealed within a bag and exhibited no visible signs of tampering. The package was falsely manifested as "HOUSEHOLD

ORNAMENT." CBP physical inspection revealed an item consistent with a firearm suppressor, and a later ATF technical evaluation confirmed it was a firearm suppressor.

12. Based on this shipment, this office obtained a search warrant from the Honorable Robert Illman, U.S. Magistrate Judge, for BOURLAND's person, residence, vehicle, and a storage area he was using. Case No. 1:26-mj-70803 RMI. Agents executed the warrant on May 19, 2026. Officers made a traffic stop on BOURLAND in his vehicle after he left his residence. During that stop, and for the purpose of officer safety, officers asked BOURLAND if there were any firearms at the location where they were going to search and how many people were at his residence. BOURLAND stated that there was a revolver underneath the passenger's seat in a truck parked at his house.

13. Later, in a Mirandized interview, BOURLAND stated that he had purchased the revolver two months previously from a person he did not know well.

14. Agents searched BOURLAND's truck and found a loaded revolver and ammunition underneath the seat.




15. The revolver is a Miroku brand 38 caliber revolver, serial number 13591. It was loaded with six rounds of Remington 38 spl ammunition.

16. At BOURLAND's residence, agents found nearly 500 rounds of ammunition;

bullets, casings, and primers to make hundreds of more rounds; and AR-15 parts, including a lower receiver, which constitutes a firearm under 18 U.S.C. § 921(a)(3)(B). That receiver is a Delton brand model DLT-15, serial number B-42653.




17. An ATF nexus expert has confirmed that the AR-15 lower receiver, the Miroku revolver, and the ammunition for that revolver were all manufactured outside the state of California.

18. With respect to BOURLAND's criminal history, on September 12, 2016, BOURLAND was convicted of Possessing Marijuana for Sale, a felony, in violation of California Health & Safety Code § 11359.

19. On June 20, 2018, BOURLAND pleaded guilty to two counts of misdemeanor domestic battery, in violation of California Penal Code Section 243(e)(1), Humboldt County Superior Court No. CR1801902. In addition to the federal prohibition on possession of firearms for persons with such convictions, BOURLAND's conviction document for this offense includes a condition that he not possess a firearm for 10 years.

**REQUEST FOR SEALING**

20. HSI and local law enforcement officers continue to investigate violations of Section 922(g)(1) and other offenses by BOURLAND. If he or anyone associated with him were notified that law enforcement agents sought and reviewed the requested Complaint and warrant, they are likely to take steps to frustrate agents' ongoing investigative efforts, including efforts to place him under arrest. Not maintaining the Complaint and warrant under seal could jeopardize the integrity of this ongoing investigation and would increase the risk that BOURLAND would change his patterns of activity, flee, or destroy evidence.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

## CONCLUSION

21. On the basis of my participation in this investigation and information summarized above, I respectfully submit that the foregoing establishes probable cause to believe that Defendant DAVID CRAIG BOURLAND committed a violation of 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm, and 18 U.S.C. § 922(g)(9), being a prohibited person in possession of a firearm.

I declare under penalty of perjury that the foregoing is true and correct.

___/s/ *Lucy A. Gentry*_________
LUCY A. GENTRY
Special Agent
Homeland Security Investigations

Sworn to before me over the telephone and signed by me pursuant to. R. Crim. P. 4.1 and 4(d) on this 24th day of August 2026. The Criminal Complaint and Arrest Warrant are to be filed under seal.

_________________________________
HON. ROBERT M. ILLMAN
United States Magistrate Judge